## CHARLES A. SARGENT v. A. C. BRYAN.[1]

September 29, 1922.

No. 23,065.

**Sale at auction—when bid is unenforceable without memo.**

1. Where personal property has been bid in at an auction sale for more than $50, and it has not been actually received by the bidder, the contract of sale is not enforceable, unless there is a memorandum in writing in compliance with section 4 of the Uniform Sales Act. G. S. 1917 Supp. § [6015—] 1-79.

**Memorandum by clerk at auction admissible in evidence.**

2. Memorandum, entered by the clerk of the auction in a sales

[1] Reported in 189 N. W. 935.

book at the time the bid was accepted, was properly admitted as a compliance with said section 4, since section 7000, G. S. 1913, was not repealed by the Uniform Sales Act.

**Same.**

3. Such memorandum so made by the clerk must be regarded as if made by the auctioneer.

**Question of disposition of animal for the jury.**

4. The evidence made it a question for the jury whether there was such disposition of the animal by plaintiff after bid in by defendant at auction that the former was not entitled to recover.

Action in the district court for Goodhue county to recover a balance of $320 for certain chattels sold at auction. The case was tried before Johnson, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony granted plaintiff's motion for a directed verdict, and a jury which returned a verdict for $340.80. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Mohn & Mohn,* for appellant.

*Charles P. Hall* and *Plato E. Sargent,* for respondent.

HOLT, J.

The complaint alleges that, at a public auction held by plaintiff, defendant purchased certain goods and chattels for the sum of $557.70; that plaintiff delivered the same to defendant at the place of sale; that defendant accepted and received a part thereof; that plaintiff has demanded the purchase price, but no part has been paid except $237.70. A copy of the notice announcing the auction and the terms thereof and of the sales record made by the clerk at the auction are attached to and made a part of the complaint. The answer admits that plaintiff conducted an auction and that defendant bought certain goods and chattels thereat, specifying the articles and the price, amounting in all to $237; alleges that each article was purchased separately; and denies all the other allegations of the complaint. When the evidence was in both parties

moved for a directed verdict. The court granted plaintiff's motion. The appeal is from the order denying defendant's motion in the alternative for judgment or a new trial.

Appellant's assignments of error, 6 in number, are not argued separately and we shall single out only those which require discussion. The terms of sale announced were: "All sums of $10.00 or under, cash; over that amount six months' time will be given on bankable notes, bearing 7 per cent interest per annum." Two cows offered at the auction were each struck off to defendant, the one upon a bid of $325, and the other upon that of $320. The latter bore the designation number 5. Defendant did not pay or settle for any purchase at the time, nor did he take charge of either cow. They remained in the possession of Lee Sargent, plaintiff's son and agent, who lived on the farm where the auction was held and the property was kept. The next morning defendant came to the barn on the farm when Lee Sargent was checking up the stock sold under the hammer and stated that cow No. 5 was not suitable for his herd and he did not want her.

At this point the dispute as to facts begins. The substance of plaintiff's testimony is that defendant then requested Lee Sargent to dispose of the cow for defendant's account, and that pursuant to such instruction the cow was shipped to the county agent of Wabasha county to sell, but when he could not do so Lee Sargent finally sold her to one McDonough for $100. Defendant's version is that, when he informed Lee Sargent that he did not want the cow, Lee Sargent said it was all right; that "they could make more out of the cow than" defendant bid; that no direction was given by defendant to ship or dispose of the animal; that after this talk with Lee Sargent defendant went to the bank which had clerked the auction and stated that the two cows had been taken out of the sale by agreement; that the bank officer excluded those amounts from the bill and defendant settled for the balance of $237.70, which was accepted by the bank; and that plaintiff made no claim for payment for this cow until long afterwards. The other cow bid in by defendant was turned back to plaintiff's son Cecil after the sale, and

no claim is made by plaintiff for payment of the amount for which the same was bid in by defendant.

In directing a verdict the learned trial court was of the opinion that an acceptance and receipt of the cow was conclusively proven when it appeared that the auctioneer's hammer fell upon defendant's bid of $320. The Uniform Sales Act (G. S. 1917 Supp. § [6015] 4), provides that a contract to sell goods of the value of $50 or upwards shall not be enforceable, unless the buyer shall accept part of the goods and actually receive the same or some earnest money is paid, or "unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." Even though the mere bid be held to denote an acceptance of the property, it does not as a matter of law show the bidder to have actually received the same. An acceptance within this statute is not the same as receipt of delivery of the goods. An acceptance may precede a delivery (subdivision 3, § 4). We therefore think that, if the enforceability of the sale depends upon defendant's acceptance and actual receipt of the cow, the evidence made it a jury question. Of course if the jury should find that defendant directed Lee Sargent to dispose of the cow, there was actual receipt by defendant of the animal when the direction was obeyed. Therefore, unless section 21 of the sales act, which provides that "a sale by auction is complete when the auctioneer announces its completion by the fall of the hammer" was intended to except auction sales from section 4, requiring a note or memorandum in writing where the bid is $50 or over, proof of such writing must be adduced where there has not been an acceptance and actual receipt of the article sold. We do not think said section 21 intended to take auction sales out of the statute of frauds where the price bid is within its provisions. "In all sales which come within the operation of the statute of frauds it is probable that a bidder may withdraw his bid before the signing of a sufficient memorandum in writing." 6 C. J. 830. See also Pike v. Balch, 38 Me. 302, 61 Am. Dec. 248; Dunham v. Hartman, 153 Mo. 625, 55 S. W. 233, 77 Am. St. 741; Gwathney, Dey & Co. v. Cason, 74 N. C. 5, 21 Am. Rep. 484. Nor do we think the repeal of inconsistent legislation contained in sec-

tion 77 of the act repeals section 7000, G. S. 1913, which is to the effect that certain entries by the auctioneer in a sales book, made at the time of the sale, fulfil the requirements of the statute of frauds. It is true that the statute of frauds as contained in section 6999, G. S. 1913, is by necessary implication repealed and in its place is substituted section 4 of the Uniform Sales Act, so that now the reference in section 7000, G. S. 1913, must be to the substitute of section 6999.

In this case the auctioneer did not keep the sales book. It was kept by the clerk at the sale, and showed the name of the seller, the bidder, the price and designated the animal by number. Objection to its introduction we think was properly overruled. As auctions are customarily conducted, the auctioneer is provided with a clerk who makes entries in a sales book in the presence of the auctioneer and the bidder the moment the bid is accepted. A sales book so kept must be regarded as if kept by the auctioneer personally.

There being then a sale of this cow at auction to defendant as the highest bidder and a memorandum in writing to comply with section 4 of Uniform Sales Act, the sale was complete, and, had nothing further appeared, the property would have passed to defendant, and plaintiff would have been entitled to sue for the price under subdivision 1 of section 63 of the act. But evidence was received as to what occurred subsequent to the bid in relation to this cow. Many months after the auction sale, Lee Sargent made a conditional sale of the animal to a third party. We think the evidence is such that the court was not justified in directing a verdict for plaintiff for the full purchase price, or at all. There was room for finding that Lee Sargent had authority to act for plaintiff in all he undertook to do, and also that defendant's version of the transaction and not that of plaintiff's witnesses was true. If the jury found that the shipment of the cow to Wabasha and its sale to McDonough by Lee Sargent were at the direction of plaintiff and not of defendant, there could not be a recovery of the purchase price. Such disposition of the cow by the seller, as if he still were owner and not the defendant, would preclude a recovery of the full price bid and for

which amount the verdict was directed. Russell v. Sammons, 217 Ill. App. 607. Our conclusion is that, as the evidence stood at the close of the testimony, it was error to direct a verdict, and the assignments of error relating to the action of the court in that respect are well taken.

The order is reversed and a new trial granted.