## CHARLES A. SARGENT v. A. C. BRYAN.[1]

July 18, 1924.

No. 24,057.

**What evidence is admissible under a general denial.**

    1. Under a general denial, any evidence is admissible which tends directly to controvert the allegations of the complaint. If doubt exists as to whether defensive matter is admissible thereunder, great liberality should be shown in allowing an amendment to render it admissible.

[1]Reported in 199 N. W. 737.

**Action for purchase price, alleging sale and delivery—evidence of resale admissible under general denial.**

2. The complaint in an action to recover the purchase price of personal property alleged a sale and delivery. The answer contained a general denial. The plaintiff offered no proof of delivery and his objection to the introduction of evidence to show that he had retained and resold the property was sustained on the ground that such evidence was not admissible under the pleadings. Prior to the trial defendant had moved for an amendment of his answer specifically pleading the facts he attempted to prove. *Held* that the proffered evidence should have been received, and, if the proposed amendment of the answer was necessary, the motion to amend should have been granted.

After the former appeal reported in 153 Minn. 198, 189 N. W. 935, the case was tried before Johnson, J., where the proceedings were as narrated in the third paragraph of the opinion. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Thomas Mohn,* for appellant.

*Charles P. Hall* and *Plato E. Sargent,* for respondent.

Lees, C.

When this case was here before (153 Minn. 198, 189 N. W. 935), it was held that there was a sale of the cow in question and a memorandum of the contract of sale sufficient to satisfy the requirements of section 4 of the Uniform Sales Act. [G. S. Supp. 1917, § 6015-4.] The opinion then proceeds as follows:

"Had nothing further appeared, the property would have passed to defendant, and plaintiff would have been entitled to sue for the price under subdivision 1 of section 63 of the act. But evidence was received as to what occurred subsequent to the bid in relation to this cow. Many months after the auction sale, Lee Sargent made a conditional sale of the animal to a third party. We think the evidence is such that the court was not justified in directing a verdict for plaintiff for the full purchase price, or at all."

In advance of the second trial the defendant moved to amend his answer by alleging that by mutual consent of the parties the sale

was rescinded and the cow retained by the plaintiff. The motion was denied and when renewed at the close of plaintiff's case it was again denied. The defendant offered evidence showing that the cow was not delivered to him and was sold by plaintiff to another person, but the proof was excluded on plaintiff's objection that it was not admissible under the pleadings. Every attempt of the defendant to introduce evidence of this nature encountered the same objection and ruling. As a result, defendant was precluded from showing that he had not received the cow he had bid in at the auction, and, on plaintiff's motion, the jury was instructed to return a verdict in his favor for the full amount of defendant's bid, with interest. This appeal is from an order denying defendant's motion for a new trial.

The plaintiff offered no evidence of a delivery of the animal to defendant, although in his complaint he had specifically alleged delivery. The answer admitted the purchase of certain property at the auction, alleged that the purchase price thereof had been paid, and concluded with a general denial. The question to be determined is whether the evidence defendant sought to introduce should have been received.

The following condensed statement of the rule established by our decisions and applicable to the situation here presented is contained in 2 Dunnell, Minn. Dig. § 7574: Under a general denial, any evidence is admissible which tends directly to controvert the allegations of the complaint. If doubt exists as to whether defensive matter is admissible under the general denial, great liberality should be shown in allowing an amendment to render it admissible.

The allegations of fact which were put in issue by the general denial were the sale and delivery of the cow. Plaintiff proved the sale but made no attempt to prove delivery. It is argued in his behalf that in view of the ruling on the former appeal there was no need of such proof and that the allegation of delivery was superfluous and should be treated as surplusage. If this be true and defendant cannot show the course of dealing of the parties after the auction, plaintiff will recover a judgment for the full amount of the purchase price of the cow, even though he may have sold her to a

third person, and a manifest injustice will be done to defendant, who must pay the full price without receiving the property.

Section 19, Uniform Sales Act, provides that unless a different intention appears, the property in the goods passes to the buyer when an unconditional contract is made for the sale of specific goods in a deliverable state. This was the rule at common law and prevailed in this state prior to the adoption of the Uniform Sales Act. Rail v. Little Falls Lbr. Co. 47 Minn. 422, 50 N. W. 471.

Section 63, Uniform Sales Act, provides that where the property in the goods has passed to the buyer and he wrongfully neglects or refuses to pay for the goods, the seller may maintain an action against him for the purchase price.

Section 42, Uniform Sales Act, provides that, unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions and that the seller must be ready and willing to give possession in exchange for the price. Speaking of this provision, Professor Williston says [Sales, § 448]:

"Where all the terms of the bargain are agreed upon, the property presumably passes at once, irrespective of delivery or payment; and in such cases and others where, by the proper construction of the bargain, the property passes before delivery the mutual dependency is merely between delivery and payment. * * * Where the conditions are concurrent it necessarily follows that neither party can maintain an action against the other for breach of the latter's obligation, without first making an offer of performance himself. * * * It has been said that readiness and willingness on the part of the plaintiff is sufficient, or that even this is not part of the plaintiff's case. But it is evident not only that the plaintiff must be ready and willing, but also that readiness and willingness, unless manifested by some notice to the defendant, are insufficient. For if neither buyer nor seller approached the other, but each stayed at home ready and willing to perform, the rule suggested would give each party a right of action; whereas neither party would have a right of action without putting the other in default. * * * Where the conditions are strictly concurrent, the defendant is under

no liability until the plaintiff has put him in default, by himself offering to perform."

The same learned author quotes with approval from Dustan v. McAndrew, 44 N. Y. 72, where the court said:

"The vendor of personal property in a suit against the vendee for not taking and paying for the property, has the choice ordinarily of either one of three methods to indemnify himself. (1) He may store or retain the property for the vendee, and sue him for the entire purchase price. (2) He may sell the property, acting as the agent for this purpose of the vendee, and recover the difference between the contract price and the price obtained on such resale; or (3) he may keep the property as his own, and recover the difference between the market price at the time and place of delivery, and the contract price."

In the case at bar plaintiff sued for the entire purchase price. He failed to show that he had delivered the property to defendant or had stored or retained it for him and, when the defendant attempted to prove that plaintiff had sold it and so reduced the amount of the recovery by having the proceeds of the sale applied upon the amount due from defendant, he was not allowed to introduce evidence of the alleged sale. It was held on the former appeal that, if plaintiff sold the cow after the auction on his own account and not for defendant, there could not be a recovery of the entire purchase price. That ruling is in accordance with the doctrine supported by the numerous cases cited by Professor Williston and its applicability to the facts in the case at bar is manifest.

The only reason offered for excluding evidence to establish this defense is that, notwithstanding the allegations of the complaint, it was not admissible under the general denial in the answer. We are inclined to think that it was admissible under the pleadings as they stood, Rogers v. Clark Iron Co. 104 Minn. 198, 209, 116 N. W. 739, but, if there was doubt about it and an amendment was necessary, defendant might properly claim a generous exercise of the court's discretion in permitting the amendment in order that there might be a trial upon the merits. Rees v. Storms, 101 Minn. 381, 112 N. W. 419.

The order denying a new trial is reversed and a new trial granted.