CHARLES A. SARGENT v. A. C. BRYAN.[1]

January 22, 1926.

No. 24,968.

**Evidence concerning sale of cow at auction.**

1. A cow owned by the plaintiff was sold at a farm auction sale to the defendant. The jury found that she was delivered to the defendant, and the evidence sustains its finding. The evidence did not require a finding, though sufficient to sustain one, that by the agreement of the parties the sale was abrogated and the plaintiff retained the cow.

[1]Reported in 207 N. W. 178.

**New trial not required because of misconduct of counsel.**

2. Certain remarks made by counsel for the plaintiff in his argument to the jury, and the statement of the court relative thereto, were not such as to require a new trial upon the ground of misconduct of counsel, or as an incorrect statement of the evidence by the court.

**Matter not in record should neither be printed nor commented on.**

3. Matter not a part of the record should not be printed in briefs of counsel, or comment made thereon.

Appeal and Error, 3 C. J. p. 1408 n. 16 New; 4 C. J. pp. 853 n. 62; 955 n. 35; 957 n. 65.

Auctions and Auctioneers, 6 C. J. p. 839 n. 78.

After the second appeal reported in 160 Minn. 200, 199 N. W. 737, the case was tried before Johnson, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Thomas Mohn*, for appellant.

*Charles P. Hall* and *P. E. Sargent*, for respondent.

DIBELL, J.

Action to recover the sale price of a cow sold at public auction. There was a verdict for the plaintiff, and the defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

The trial was the third one. On the first the court directed a verdict for the plaintiff. On appeal there was a reversal. 153 Minn. 198, 189 N. W. 935. On the second a verdict was directed for the plaintiff, and on appeal there was a reversal. 160 Minn. 200, 199 N. W. 737. On the third the facts were submitted to the jury which found for the plaintiff. Much of the evidence is recited in the former opinions, and so far as it can be avoided there will be no repetition.

It is not disputed that the defendant bought the cow at auction sale on August 30, 1920, and that a memorandum sufficient to

satisfy the statute of frauds was made. The court submitted to the jury the question whether the sale was completed by the delivery of the cow to the plaintiff; and, if so, whether the sale was abrogated by the mutual consent of the parties. The theory upon which the parties tried the case involved the two questions suggested.

1. That the day after the sale the defendant did not want the cow, and desired the plaintiff to keep her, is conceded. He and Lee Sargent, the son of the plaintiff, had some talk about his being relieved of the purchase. The cow was shipped to the county agent of Wabasha within a few days. It is the contention of the plaintiff that Lee shipped her at the request of the defendant, acting as his agent, with the hope on the part of the defendant that the county agent would buy her or be able to sell her. It is fairly to be inferred that the county agent did not care to purchase. He did not sell; and finally, on November 20, 1920, Lee sold to one McDonough for $100, and a memorandum of sale was made which he and McDonough signed. He made the sale in his own name. He claims that within a week or ten days he saw the defendant, told him the result, that he, defendant, said that if he had known the cow would not have brought more he would not have sent her to the county agent, and that he then took and retained the memorandum of sale.

The defendant's theory of the transaction is that the plaintiff, through his son, agreed to abrogate the sale and take back the cow. The evidence is sufficient to sustain a finding of authority in the son to make such an arrangement in behalf of his father, and that he did make it. The defendant settled with the bank, which clerked the sale, giving his note for the property taken, but deducting the sale price of the cow. He claims that Lee told him to make the settlement so. The plaintiff made no complaint for months—not until the cow was sold at less than one-third of the auction price. The defendant denies the conversation which Lee claims took place some 10 days after the sale, and claims that he did not know of the sale until the latter part of December, when he talked with the plaintiff; and that he did not see the memorandum of sale until the February following.

The evidence is sufficient to sustain the finding of a delivery, and that finding the jury made. It is sufficient to sustain a finding that the sale was abrogated, that the plaintiff consented to keep the cow, and that his present claim is the result of a failure to get a satisfactory price when the cow was sold in November. But the finding is not so. It is against an abrogation of the sale. The issue on both points was for the jury, as it has been from the beginning, and its finding closes the litigation so far as it involves this question of fact.

2. The record shows that the following occurred, apparently at the close of the arguments and just prior to the court's charge:

"Mr. Sargent in addressing the jury, makes the following statement—'Read the answer. He denies he ever bought cow Number Five.'

"Mr. Mohn: I object to counsel's statement—'Read the answer' because the supreme court holds that is not evidence in this case.

"The Court: No, it is not.

"Mr. Sargent: 'Mr. Bryan said Lee was his agent.'

"Mr. Mohn: I object to the statement that Mr. Bryan stated that Lee was his agent. I take an exception to counsel's statement.

"The Court: That is in the record."

We do not have the context further than quoted. The objection and exception was to counsel's statement to the jury that the defendant said "Lee was his agent," not to the court's remark, which, however, is assigned as error in the motion for a new trial. The defendant made no such statement. No one at any time understood that such was the defendant's claim; everyone understood his claim to be the opposite. By its closing remark the court did not intend saying that the defendant so stated. The jury could not have understood it so. In the third trial as in the two prior ones the court understood the precise issue. It may have intended that the objection or exception was in the record; or that the testimony of the defendant was in the record, and comment unnecessary. The charge clearly put to the jury the issue of agency, and there was no suggestion of an admission by the defendant that Lee was his agent;

everything was the other way, and defendant's claim was stated to be that Lee was the agent of his father. Upon such a record we should not reverse because of misconduct of counsel, or because of a claimed incorrect statement of the evidence by the court.

3. The plaintiff has printed in his brief what purports to be a complaint in an action brought by the defendant against Lee Sargent and McDonough after the third trial, and several years after the first one. It is not a part of the settled case, and of course could not be. It is not in the record and should not have been printed in the brief. We have not considered it as bearing on the result, and have refrained from examining it further than to find that it is out of place in the record. Unless it was likely to influence us there was no use of printing it; if it would, there was every reason why it should not be printed, or commented upon. The reference to matters not in the record is quite improper. State v. Schomaker, 149 Minn. 141, 182 N. W. 957; State v. Boice, 157 Minn. 374, 196 N. W. 483; State v. Witt, 161 Minn. 96, 200 N. W. 933. We have no occasion to doubt that the complaint was carelessly included without appreciation of its impropriety. But it should not have been included. Disbursements will not be taxed for the plaintiff's briefs, and the usual attorney's fee is withheld.

Many other assignments of error are made. They have been considered. There is nothing so substantial as to call for detailed discussion. It is specially urged that the court put upon the defendant the burden of proving that there was no delivery. The charge, read as it should be, does not bear that construction.

Order affirmed.