## L. L. CORNWELL v. CLEM HARVEY AND OTHERS.[1]

June 4, 1926.

No. 25,223.

**Court rule 9 disregarded by appellant.**
The record presents only a question of fact with respect to which the findings are controlling. Assignments of error not discussed because among other things of the failure of appellant to put material exhibits before the court and comply with Rule 9 requiring reference to the folios and pages of the record.

> Appeal and Error, 3 C. J. p. 1409 n. 36; 4 C. J. p. 535 n. 99; p. 876 n. 78.

Action in the district court for Olmsted county. The case was tried before Callaghan, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*M. D. Halloran* and *Burt W. Eaton,* for appellants.
*D. C. Sheldon* and *Oscar C. Ronken,* for respondent.

PER CURIAM.

Action by a trustee in bankruptcy to set aside transfers of real and personal property by the bankrupt as in fraud of creditors.

[1]Reported in 209 N. W. 317.

After a decision for plaintiff, defendants appeal from the order denying their motion for a new trial.

The record and briefs raise no substantial question except as to the propriety of the decision upon the issues of fact. The most that can be said is that the evidence might warrant a decision the other way. The finding that the transfers were fraudulent has ample support in the record. There is no occasion for discussing the evidence. In fact there is a special reason for not doing so in that the brief of appellant, in arguing the facts, evidences an utter disregard for the provision of Rule 9 which requires in such cases reference to the folios and pages of the record where the proof contended for is to be found.

The assignments of error going to the admission of evidence have been examined and found to present no cause for reversal. Here again we would be justified in not considering some of them because they pertain to exhibits which are not in the printed record and which have not been returned to this court. It is for the appellant to see that the original exhibits which he desires to use are here *for the oral argument.* That duty has not been performed. If counsel expect us to consider exhibits which are not in the printed record, they must see to it that such exhibits are here for the oral argument. The conventional statement that they have asked the clerk of the district court to forward them will not be taken as an excuse.

But in this case, we should add there is nothing in the record or argument concerning any exhibit to indicate that its admission was not at least within the discretion of the trial judge. Each of them may have been properly considered as an impeachment of the testimony of one of the defendants or an admission against interest. One of them particularly, Exhibit 3, could not have been prejudicial even if incompetent, for the trial judge considered that it did not add anything to the testimony already in and that it simply put the testimony of one witness "in better form for the court to consult."

Order affirmed.