A. C. BRYAN v. LEE W. SARGENT AND ANOTHER.[1]

May 6, 1927.

No. 26,042.

**Denial of new trial sustained.**
        Record found not to present any error warranting a new trial.

        Appeal and Error, 4 C. J. p. 807 n. 19.
        Trial, 38 Cyc. p. 1520 n. 76; p. 1521 n. 81.

Action for conversion in the district court for Wabasha county. The case was tried before Callaghan, J., and a jury. There was a verdict for the plaintiff, and defendant Sargent appealed from an order, Gates, J., denying his motion for a new trial.    Affirmed.

*Charles P. Hall, P. E. Sargent, Edward P. Sanborn,* and *A. J. Rockne,* for appellant.

*Thos. Mohn* and *Horace W. Mohn,* for respondent.

PER CURIAM.

Action for the conversion of the cow which was the subject matter of Sargent v. Bryan, which has been here three times. 153 Minn. 198, 189 N. W. 935; 160 Minn. 200, 199 N. W. 737; 166 Minn. 45, 207 N. W. 178. In that action, it was finally settled that the cow belonged to Bryan. The last trial resulting in a verdict against him for the price he bid for the cow at Sargent's auction, he paid the verdict and costs and instituted this action for the conversion of the

[1]Reported in 213 N. W. 918.

animal. Defendant Lee W. Sargent is the son of C. A. Sargent, the plaintiff in the former action. Defendant McDonough was joined because of his purchase of the cow from his codefendant. That sale, for $100, is the act of conversion charged against defendant Sargent. At the trial McDonough prevailed on his motion for a dismissal as to him. After a verdict against defendant Sargent, he appeals from the order denying his motion for a new trial.

The argument for appellant, that the verdict is not sustained by the evidence, is predicated upon a comparison between the testimony of plaintiff and that given by him at the several trials of the other case. Plaintiff's claim in brief now is that, after he bid in the cow at the auction, he told Lee Sargent, the appellant, that if he could dispose of the cow at not less than $320, the amount of plaintiff's bid for her, he might do so; that he never gave appellant any other authority in the matter but that in violation of the instructions so given appellant sold the cow to defendant McDonough for $100. The issue arises on that claim. It is one of fact, and, notwithstanding the inconsistency between plaintiff's position in the former case and in this one, we are not disposed to disturb the verdict.

Error is assigned with respect to the refusal of a change of venue from Wabasha county, where defendant McDonough resides, to Goodhue county which is the residence of appellant. The argument is that McDonough was joined as defendant solely for the purpose of thwarting the right of appellant to have the case tried in the county of his residence. That question was decided adversely to appellant below and the record presents nothing which justifies a reversal on that point. The other assignments of error do not present anything requiring discussion.

Order affirmed.