# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2613

_____

| | | |
|---|---|---|
| Khaim Khaimov, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| David Crist, Warden, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 11, 2002

Filed: July 25, 2002

_____

Before HANSEN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

Khaim Khaimov appeals the district court's[1] denial of his habeas corpus petition pursuant to 28 U.S.C. § 2254. We dismiss the appeal.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of United States Magistrate Judge Jonathan Lebedoff.

## I.    BACKGROUND

Khaimov was convicted in a Minnesota state court of two counts of first-degree aggravated robbery and one count of first-degree burglary. Khaimov refused representation at trial and proceeded pro se, with stand-by counsel. He was sentenced to concurrent sentences of 58 months and 108 months. On direct appeal, Khaimov, represented by a Minnesota State Public Defender, raised the issues of whether he was competent to stand trial and whether the trial court abused its discretion by departing upward in sentencing. Khaimov also filed a pro se brief on direct appeal. The Minnesota Court of Appeals affirmed the conviction, and declined to address the claims asserted in the pro se brief, because Khaimov "fail[ed] to cite to the record, refer[red] extensively to evidence from outside the record, assert[ed] error without a coherent legal foundation, and raise[d] issues that cannot be resolved by th[e] court." State v. Khaimov, No. C4-97-2035, 1998 WL 747138, at *3 (Minn. Ct. App. Oct. 27, 1998).

Khaimov next filed this pro se petition for habeas corpus, in which he asserts that his defense was prejudiced because the public defender was paid by the state. He also maintains that evidence was "stolen," and that the city attorney's office is involved with the "Russia mafia." Khaimov also appears to challenge the mishandling of his mail by the prison facility and complains that he has been subject to segregation.

The district court dismissed the petition without prejudice. The court determined that since the Minnesota Court of Appeals did not consider the claims raised in his pro se petition, Khaimov had not fairly presented these claims to the state court in satisfaction of the exhaustion requirement. The district court denied Khaimov's request for a certificate of appealability, but this court granted a certificate, limited to the question of whether Minnesota's briefing rule was firmly established and regularly followed.

## II.    DISCUSSION

Federal courts are barred from reviewing claims decided on independent and adequate state law grounds.  Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995).  A state procedural rule only prevents federal review when the rule is firmly established and regularly followed.  Dixon v. Dormire, 263 F.3d 774, 781 (8th Cir. 2001).

The state argues that the briefing rules applied by the Minnesota Court of Appeals that precluded its consideration of Khaimov's claims are firmly established, citing Sargent v. Bryan, 207 N.W. 178, 179 (Minn. 1926)  (matter from outside the record will not be considered on appeal), and more recent cases following this rule, e.g., Plowman v. Copeland, Buhl, & Co., 261 N.W.2d 581, 583 (Minn. 1977), Holtberg v. Bommersbach, 51 N.W.2d 586, 587 (Minn. 1952), State v. Brown, 597 N.W.2d 299, 305 (Minn. Ct. App. 1999).  Further, the state argues that it is long-established in Minnesota that briefs submitted to appellate courts must contain adequate citation to the record, Cornwell v. Harvey, 209 N.W. 317, 317 (Minn. 1926), and must contain adequate citation to legal authorities, Romer v. Conter, 54 N.W. 1052, 1053 (Minn. 1893).

However, we need not reach this question.  A panel of this circuit, with some trepidation but out of an abundance of caution that Khaimov's claims be fully and fairly explored, granted the certificate of appealability.  We now hold the certificate was improvidently granted and revoke the certificate.

In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds, Khaimov must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).  In conducting this test, we may proceed first "to

-3-

resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

Here, there is no merit to any constitutional claim that has been raised in the habeas corpus petition before us. Therefore, we need not analyze the more debatable issue of whether the Minnesota procedural briefing rules are firmly established and regularly followed. Khaimov claims that his constitutional rights were violated because his attorney (during either pretrial proceedings or on direct appeal), a Minnesota public defender, was paid by the State of Minnesota. He also claims, as earlier indicated, that Minnesota officials are involved with the Russian mafia. The remaining claims in the petition–regarding stolen prison mail, and being put in the segregation unit–are not proper claims for a habeas corpus petition.

Construed liberally, Khaimov attempts to describe a violation of his Sixth Amendment right to conflict-free counsel because the public defender (utilized during pretrial procedures and on direct appeal) was paid by the State of Minnesota. This claim is without merit. Cf. Polk County v. Dodson, 454 U.S. 312, 321 & 322 n.12 (1981) (finding that public defender does not act under "color of state law" and rejecting the notion that the state's funding of the criminal defense made it a "joint participant" in the defense). His unsupported reference to the State of Minnesota's involvement with the "Russian mafia" is also not sufficient to survive the "debatable among jurists of reason" standard. Finally, his remaining complaints regarding prison mail and segregation must first be brought in an administrative grievance or an action for damages under 42 U.S.C. § 1983, because he has not alleged that either action illegally extended his period of confinement. Heck v. Humphrey, 512 U.S. 477, 481-82 (1994) (a prisoner's action challenging the validity or length of confinement must be brought in habeas, but a challenge to conditions of confinement should be brought under section 1983 so long as the relief sought does not have the effect of invalidating the underlying conviction).

We acknowledge that there is no circuit precedent regarding whether we can effectively "unring" this bell and revoke the certificate of appealability. However, in the past, we have expanded or enlarged the certificate of appealability. See Johnson v. United States, 278 F.3d 839, 842 (8th Cir. 2002); Jones v. Delo, 258 F.3d 893, 900 (8th Cir. 2001), cert. denied, 122 S. Ct. 1936 (2002); Hunter v. Bowersox, 172 F.3d 1016, 1019 (8th Cir. 1999). We think the analogous action of circumscribing, and even revoking, a certificate, especially one we have issued, is therefore well within our authority. Cf. Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (under AEDPA, circuit court has authority to vacate certificates of appealability issued by the district court).[2]

In this case, revocation of the certificate is necessary considering the review established by Slack. For instance, when a claim is denied on procedural grounds, our reading of Slack is that: 1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. Slack, 529 U.S. at 484-85. In this case, the second rule applies. While the procedural default may be unclear, as we indicated earlier, there is no merit to Khaimov's substantive constitutional claims. The logic of Slack is demonstrated by this case: were we to rule in favor of Khaimov and find that his claim is not procedurally defaulted, he would be left with a procedurally valid, but meritless habeas corpus

---

[2]We also note the Supreme Court's practice of occasionally dismissing a writ of certiorari as improvidently granted. See, e.g., The Monrosa v. Carbon Black Exp., Inc., 359 U.S. 180, 183 (1959) ("In the light of these circumstances, which were not fully apprehended at the time certiorari was granted, the writ of certiorari will be dismissed as improvidently granted.") (internal citation and quotation omitted); accord Mathias v. WorldCom Techs., Inc., 122 S. Ct. 1780 (2002); Adarand Constructors, Inc. v. Mineta, 122 S. Ct. 511 (2001).

petition. Any opinion on the State of Minnesota's briefing rules would therefore be advisory. We decline to issue such an opinion.

## III.  CONCLUSION

Khaimov has not sufficiently alleged a constitutional violation which is debatable among jurists of reason. We therefore revoke the previously-issued certificate of appealability and dismiss Khaimov's appeal.[3] The court expresses its great appreciation to appointed counsel for his valuable efforts on behalf of Mr. Khaimov in this matter.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Khaimov has filed numerous pro se motions on many subjects. We have carefully reviewed these motions and find that they should be denied.