# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1478

_____

William Eugene Langley,               *
                                      *
            Appellant,                *
                                      *     Appeal from the United States
      v.                              *     District Court for the
                                      *     Eastern District of Arkansas.
Larry  Norris,  Director,  Arkansas   *
Department of Correction,             *          [PUBLISHED]
                                      *
            Appellee.                 *


_____

Submitted: September 26, 2006
Filed: October 19, 2006

_____

Before MURPHY, HANSEN and RILEY, Circuit Judges.

_____

HANSEN, Circuit Judge.

      William Eugene Langley appeals the denial of his petition for habeas corpus. See Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. We dismiss the appeal.

      On April 14, 1997, an Arkansas state jury convicted Langley of kidnapping, first-degree battery, and first-degree terroristic threatening, for which he is currently serving 30 years of imprisonment. The state court of appeals affirmed Langley's convictions and sentences on direct appeal, Langley v. State, No. CACR 97-786, 1998

WL 170172 (Ark. App. 1998), and the trial court denied his petition for postconviction relief, see Ark. R. Crim. P. 37, without a hearing. The Supreme Court of Arkansas reversed and remanded the Rule 37 proceedings, directing the trial court to conduct a hearing. Langley v. State, No. CR 98-1477, 2000 WL 246265 (Ark. 2000). Following a hearing, the trial court again denied relief. Applying Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court of Arkansas affirmed the denial of postconviction relief, concluding that counsel was not ineffective in failing to develop a diminished capacity defense and rejecting Langley's claim that he was deprived of an impartial jury. See Langley v. State, No. CR 00-1275, 2002 WL 31207455 (Ark. 2002).

On October 2, 2003, after exhausting his state court remedies, Langley filed this federal habeas petition pursuant to 28 U.S.C. § 2254. He argued that his trial counsel provided ineffective assistance by failing to request a mental competency hearing prior to trial, failing to investigate and procure witnesses to support a diminished capacity defense, and failing to raise a jury instruction question in his state court appeal. The district court denied habeas relief, concluding that Langley had defaulted the jury instruction claim and that the state court did not unreasonably apply Strickland to deny his claim that counsel was ineffective for failing to develop a diminished capacity defense. The court noted that Langley may have defaulted his ineffective assistance claim based upon counsel's failure to request a competency hearing prior to trial, but addressing the merits of the claim, the district court concluded that the objective medical data did not reveal evidence of a mental disorder and that there was no other evidence of impaired capacity; thus, the failure to request a competency hearing was not objectively unreasonable under Strickland.

Langley now appeals the denial of his § 2254 petition. The district court granted a certificate of appealability on a wholly new issue–whether the Sixth Amendment requires a trial court to conduct a competency hearing *sua sponte* when the evidence is in dispute regarding the defendant's mental competency. Langley

admits that this question was never presented to the state courts or even to the federal district court, and he requests that this court enlarge the certificate of appealability issued by the district court to include his ineffective assistance claim based upon counsel's failure to pursue a mental disease or defect defense or request a competency hearing, issues which were presented below. Respondent Larry Norris argues that the district court abused its discretion by certifying a question on an issue that was neither raised in the habeas petition nor considered by any court thus far.

This appeal must be dismissed under the review established in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), which articulates what a habeas applicant must show in order to be granted a certificate of appealability under AEDPA. We have distilled the following three rules from <u>Slack</u> to guide our consideration of whether a certificate of appealability was properly issued:

> 1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

<u>Khaimov v. Crist</u>, 297 F.3d 783, 786 (8th Cir. 2002) (construing and citing <u>Slack</u>, 529 U.S. at 484-85, and revoking a certificate of appealability as improvidently granted on the basis of the second rule articulated above).

In this case, the first rule applies to the claim on which the district court granted a certificate of appealability. Langley never raised in state court the issue of whether the trial court should have conducted a competency hearing *sua sponte*. In fact, as noted, he did not even raise the claim in his federal habeas petition. There is no question that the issue upon which the district court granted a certificate of appealability was procedurally defaulted. Furthermore, Langley does not argue that

there is cause and prejudice to excuse his procedural default. See Bousley v. United States, 523 U.S. 614, 622 (1998) (holding a procedurally defaulted claim can be raised in habeas only if the defendant can first demonstrate cause and actual prejudice for the failure to raise it on direct review, or that he is actually innocent). No appeal is warranted in such a case. See Slack, 529 U.S. at 484 (stating where a plain procedural bar is present, no appeal is warranted). This court is not in the business of rendering advisory opinions on legal issues never raised in the antecedent proceedings.

Langley requests that we expand the certificate of appealability to include the ineffective assistance of counsel claim that he pleaded and that the state and federal courts addressed on the merits; that is, that his counsel was ineffective in failing to investigate and develop a defense based upon a diminished capacity due to mental defect or disease or request a competency hearing. The second rule articulated in Khaimov applies to this claim because a certificate of appealability should not be issued where there is no merit to the substantive constitutional claim. The undisputed record demonstrates that when Langley's trial counsel learned of a possible cognitive deficit, as indicated in the first evaluation, counsel took appropriate steps to have Langley's mental capacity evaluated more thoroughly. The second evaluation did not produce a diagnosis of a mental disease or defect. Also, the second evaluation reported that the only basis of possible cognitive defects as noted by the first psychologist were Langley's own subjective reports of memory problems. Thus, absent any objective basis on which to pursue a diminished capacity defense or seek a competency hearing, any failure to do so could not have prejudiced the defense.

Accordingly, we revoke the certificate of appealability issued by the district court as having been improvidently granted, deny Langley's request to expand that certificate of appealability, and dismiss this appeal.

_____