

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# Conn v. Lavan

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Conn v. Lavan" (2009). *2009 Decisions.* Paper 1300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4444
_____

JOHN CONN,
                                        Appellant
vs.

THOMAS LAVAN; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA; THE ATTORNEY
GENERAL OF THE STATE OF PENNSYLVANIA

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 04-CV-01990)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2009
Before:   BARRY, WEIS and ROTH, Circuit Judges.

(Filed: May 28, 2009)
_____

OPINION
_____

WEIS, Circuit Judge.

        John Conn appeals the District Court's order denying his habeas corpus

petition.  We will affirm.

On February 20, 1981, a jury empaneled in the Court of Common Pleas of Philadelphia County, Pennsylvania, convicted Conn of second degree murder, arson, burglary, and theft. The convictions arose from a series of events in which Martha Greiss, an elderly, deaf woman was killed and her house was burgled and set ablaze. Conn was sentenced to a mandatory term of life imprisonment for murder and a consecutive term of five to ten years for arson.

After exhausting his direct appeal capabilities, Conn filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, raising a number of claims for relief. The Court of Common Pleas denied his petition. The Pennsylvania Superior Court affirmed on October 2, 2003, and the Pennsylvania Supreme Court denied allowance of appeal on February 18, 2004.

On May 7, 2004, Conn filed a *pro se* petition for habeas corpus in the District Court. In that petition, Conn set forth a claim he had pursued during his PCRA proceedings – that he received ineffective assistance of counsel because his trial counsel failed to investigate or call Robert Dugan as a witness. On June 7, 2004, Conn filed a motion to amend his habeas corpus petition. The District Court granted Conn's motion on June 9, stating, "Petitioner's amendment shall be filed by July 9, 2004." Conn filed an amended petition on July 7, 2004, that raised seven additional issues.

A magistrate judge issued a report and recommendation on Conn's petition on January 31, 2005. With respect to the claim that he received ineffective assistance of

counsel because his trial counsel failed to call for Dugan's testimony, the magistrate judge found that the Pennsylvania Superior Court reasonably applied Strickland v. Washington, 466 U.S. 668 (1984). The magistrate judge also determined that the remainder of Conn's claims, which were presented in his amended petition, were barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).[1] Accordingly, the magistrate judge recommended that Conn's petition be denied.

In an order entered August 31, 2005, the District Court approved and adopted the magistrate judge's report and recommendation over Conn's objections and denied his habeas corpus petition in its entirety. Subsequently, on January 22, 2008, we granted Conn's petition for a certificate of appealability as to the following issues:

> "1) whether [Conn's] trial attorney was ineffective for failing to investigate or call Robert Dugan as a witness; and 2) whether the District Court erred in denying appellant equitable tolling because the Magistrate Judge's order granting his motion to amend misled him into believing he had until July 9, 2004, to add his new claims."

Since the District Court did not hold an evidentiary hearing, our review of its order is plenary. Holland v. Horn, 519 F.3d 107, 111 (3d Cir. 2008).

We will address the ineffective assistance of counsel issue first. Conn argues that the Pennsylvania Superior Court "utterly failed" in applying Strickland to his

---

[1] 28 U.S.C. § 2244(d) provides, with qualifications, a general one-year period of limitations for persons in custody pursuant to a state court judgment to file a petition for a writ of habeas corpus.

PCRA petition.

We agree with the District Court that the Superior Court's application of Strickland was not unreasonable. "[A] federal court may not grant a state prisoner's habeas application unless the relevant state-court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Knowles v. Mirzayance, 129 S.Ct. 1411, 1418 (2009) (quoting 28 U.S.C. § 2254(d)(1)). Given the overwhelming qualitative and quantitative evidence of Conn's guilt at trial and our "doubly deferential" review in this case, id. at 1420, we cannot say that the Superior Court's conclusion was unreasonable.

Conn did not demonstrate a reasonable probability that the result of his trial would have been different had counsel investigated Dugan's knowledge of the events at issue or called Dugan as a witness. See id. at 1422 (to establish the "prejudice" that Strickland requires, a claimant of ineffective assistance of counsel must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (quoting Strickland, 466 U.S. at 694)). Consequently, Conn is not entitled to habeas corpus relief on his claim that he received ineffective assistance of counsel.

We do not have authority to review the second issue identified in the certificate of appealability – whether the District Court erred in denying equitable tolling of § 2244(d)'s statute of limitations for the remaining claims presented in the amended

4

habeas corpus petition.

The Supreme Court has held that when a District Court denies a habeas corpus petition on procedural grounds, a certificate of appealability "should issue . . . when the prisoner shows . . . 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Jimenez v. Quarterman, 129 S.Ct. 681, 684 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The District Court's denial of the seven habeas claims first presented in the amended petition of July 7, 2004, was founded on a procedural basis. Conn has not demonstrated that jurists of reason would debate that any of the seven issues first presented in that petition state a valid claim of the denial of a constitutional right. After further review, we conclude that we improvidently granted the certificate of appealability on the equitable tolling issue. See Khaimov v. Crist, 297 F.3d 783, 786 (8th Cir. 2002) (a certificate of appealability initially granted by the Court of Appeals was improvidently granted in an appeal from the denial of a habeas corpus petition because, while the District Court's resolution of procedural issues was debatable, the substantive constitutional claims raised by the petitioner were meritless). Consequently, we lack jurisdiction over the equitable tolling issue we identified in the certificate of appealability. See Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004) ("[w]e only have jurisdiction

5

if this Court or a District Court has properly issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c)").

In sum, we lack jurisdiction to review the merits of the procedural issue, but will affirm the District Court's order denying Conn's habeas corpus petition.