Richard T. DORMAN

v.

Richard L. THORNBURGH, et al.

No. 90–5177.

United States Court of Appeals, District of Columbia Circuit.

Feb. 7, 1992.

---

Richard T. Dorman, pro se.

Jay B. Stephens, U.S. Atty., John D. Bates, Asst. U.S. Atty., R. Craig Lawrence, Asst. U.S. Atty., and Michael T. Ambrosino, Asst. U.S. Atty., Washington, D.C., for appellees.

Before MIKVA, Chief Judge, RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Richard Dorman, a former inmate at the Federal Correctional Institution in Butner, North Carolina, filed suit against the United States Attorney General, the Bureau of Prisons, and several prison officials, challenging the constitutionality of the Federal Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"). This program requires that inmates commit a percentage of their prison employment earnings to payment of court-ordered obligations. *See* 28 C.F.R. § 545.11; Bureau of Prison Program Statement 5380.1. Because Dorman resisted application of any of his earnings to his court assessments, he was removed from the program. Dorman's complaint asserted that the defendants, by terminating his work assignment, conspired to deprive him of his constitutional rights to due process and against excessive punishment; as redress, he asked for compensatory and punitive damages, an injunction against the application of the IFRP, and a declaration that the program is unconstitutional.

The district court, on motion by the defendants, dismissed the action for lack of personal jurisdiction over the North Carolina defendants in their individual capacities, lack of subject matter jurisdiction over the claims against the defendants in their official capacities, and improper venue. *See Dorman v. Thornburgh,* 740 F.Supp. 875 (D.D.C.1990). Dorman appealed and the defendants moved for summary affirmance of the district court's judgment. This court affirmed the district court's dismissal of the claims against the North Carolina defendants in their individual capacities and the Federal Tort Claims Act claims, and ordered Dorman to show cause why the district court's order should not be summarily affirmed as to the remaining claims on the ground that Dorman has no entitlement to the relief he seeks. Dorman did not respond to the show cause order.

Dorman has been paroled since noting this appeal. Consequently, his plea for injunctive relief is now moot. *See, e.g., Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985) (prisoner's claim for injunctive relief to improve prison conditions becomes moot once prisoner is no longer subject to those conditions). For the same reason, Dorman does not have standing to seek declaratory relief. *Id.* (prisoner lacks standing to seek declaratory relief regarding prison conditions once he is no longer subject to them). Accordingly, we dismiss Dorman's appeal to the extent that it targets the district court's dismissal of Dorman's claims for injunctive and declaratory relief.

As to Dorman's claims against the District of Columbia federal defendants in their individual capacities, we find it plain that Dorman has no entitlement to the relief he seeks, and we therefore affirm, on that ground, the district court's dispositive order. Regulations concerning prison operations, unless stated in mandatory terms, do not establish a liberty interest within due process protection. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 460–61, 109 S.Ct. 1904, 1908–09, 104 L.Ed.2d 506 (1989). Here, the discretion vested in prison officials to set the terms and conditions of prison employment "preclude[s] the implication of a liberty interest deserving of due process protection." *Garza v. Miller,* 688 F.2d 480, 486 (7th Cir.1982), *cert. denied,*

459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983) (citing *Shango v. Jurich,* 681 F.2d 1091 (7th Cir.1982)). *See also James v. Quinlan,* 866 F.2d 627, 629–30 (3d Cir.) (inmates do not possess a liberty or property interest in Federal Prison Industries job assignments arising from either the due process clause, a federal statute, or prison regulations), *cert. denied,* 493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989).

For the above-stated reasons, the appeal is dismissed as to the claims for injunctive and declaratory relief, and the judgment of the district court is affirmed as to the claims against the District of Columbia defendants in their individual capacities.