**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Joseph BAUER, Defendant–
Appellant.**

**Nos. 91–5160, 91–5163
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 17, 1992.

James R. Gailey, Federal Public Defender, Miami, Fla., for defendant-appellant in no. 91–5160.

Richard J. Bauer, pro se, in no. 91–5163.

Dave Lee Brannon, Asst. Federal Public Defender, Miami, Fla., and West Palm Beach, Fla., for defendant-appellant in both cases.

William Michael, Jr., U.S. Attys. Office, Fort Pierce, Fla., Linda Collins Hertz, Anne M. Hayes, Asst. U.S. Attys., Miami, Fla., for U.S. in both cases.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., for U.S. in no. 91–5163.

Before FAY, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

After being apprehended for the armed robbery of the Florida Federal Savings Bank, appellant Richard Joseph Bauer pleaded guilty to armed bank robbery, a violation of 18 U.S.C. § 2113(d) (1988), and being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1988). The remaining portions of Bauer's indictment were then tried to a jury, which found Bauer guilty of forcing hostages to accompany him during the bank robbery, a violation of 18 U.S.C. § 2113(e) (1988), and using a firearm during the commission of a crime of violence, a violation of 18 U.S.C. § 924(c) (1988). In a separate case which was consolidated for Bauer's trial, Bauer was also convicted of being in possession of an unregistered firearm (a silencer), a violation of 26 U.S.C. §§ 5861(d), 5871 (1988).

These two cases have been consolidated for appeal. Bauer presses three issues on appeal: (1) his guilty plea to armed bank robbery, combined with his conviction for use of a firearm during a crime of violence, constitutes double jeopardy because the combination punishes Bauer twice for essentially the same offense; (2) his conviction for possession of an unregistered silencer is invalid because no reasonable person could have known that a silencer is a "firearm" which must be registered; and (3) there was insufficient evidence to convict on the forced accompaniment charge because the government did not prove that Bauer ever left the bank's premises with his hostages. Bauer's first two issues are foreclosed by clear Eleventh Circuit precedent; Bauer's last issue is foreclosed by our review of the record and the relevant statute. Accordingly, we AFFIRM.

**(1) Double Jeopardy**

■ Bauer's claim that the Double Jeopardy Clause forbids cumulative punishment for armed bank robbery (Section 2113(d)) and for using a firearm during a crime of violence (Section 924(c)) is without merit. In *United States v. Ricks*, 817 F.2d 692 (11th Cir.1987), we rejected this exact argument, *see id.* at 694–95, 698–99, because "Congress specifically authorized the cumulative punishment in section 924(c)." *Ricks*, 817 F.2d at 699. Although principles of double jeopardy forbid courts from imposing greater punishment than intended by Congress, *see id.* at 698, those principles do not bar courts from imposing the exact punishment intended by Congress (even when contained in two different statutes). Even if such double punishment is not "fair, just or proper," Appellant's Brief at 9, Bauer's remedy lies within his legislature, not within the Fifth Amendment.

**(2) The Unregistered Silencer**

■ Bauer's claim that his conviction for possession of an unregistered firearm must be reversed is also without merit. Essentially, Bauer asserts that this conviction is invalid because he could not have known that his silencer was a "firearm" which needed to be registered. Bauer's argument is foreclosed by direct Eleventh Circuit precedent. *United States v. Gonzalez*, 719 F.2d 1516, 1522 (11th Cir.1983) ("[T]he government does *not* have to prove that the defendant knew that the weapon in his possession was a 'firearm' within the meaning of the statute, or that he knew registration was required."), *cert. denied*, 465 U.S. 1037, 104 S.Ct. 1312, 79 L.Ed.2d 710 (1984); *United States v. Montes–Cardenas*, 746 F.2d 771, 779 (11th Cir.1984) ("Possession [of unregistered silencers] is sufficient, and the government need not prove that the defendant knew that registration was required.").

**(3) The Evidence Relating To Forcible Accompaniment**

■ Bauer's claim that there was insufficient evidence to convict on the forcible accompaniment charge is belied by the record. The evidence shows that (1) after noticing that the police had arrived, Bauer stated "I am not going alone" and "I guess I am going to have to take hostages"; (2) from the group of people he had herded to the back of the bank, Bauer singled out two women bank employees as his hostages, stating "you come with me and you come with me"; (3) without the consent of these frightened women, Bauer forced the women at gunpoint to accompany him from the back of the bank to the front door; (4) Bauer forced the women to accompany him with the intention of leaving the bank with them so he could avoid apprehension; and (5) only when Bauer realized that the police presence outside was overwhelming did he end the women's ordeal, ordering one of the hostages to exit the bank with his gun so she could tell the police he was surrendering. As a matter of law, this evidence was sufficient to sustain Bauer's conviction for forcible accompaniment.

We acknowledge that Bauer never left the bank's property with his hostages. Nevertheless, that fact alone does not defeat the conviction. The statute requires that the defendant "force[ ] any person to accompany him without the consent of such person" while committing an armed bank robbery. 18 U.S.C. § 2113(e) (1988). There is no requirement that the government prove that the defendant crossed a property line. Nor does the statute require that the hostages traverse a particular number of feet, that the hostages be held against their will for a particular time period, or that the hostages be placed in a certain quantum of danger. Such factors may bear upon the defendant's sentence for forcible accompaniment,* but they do not affect the underlying conviction. We hold that in order to sustain a conviction under Section 2113(e), the government need

---

* It is possible to infer that Bauer's sentence may have been influenced by the fact that Bauer surrendered before leaving the bank with the hostages. Bauer received the statutory minimum (ten years). Subject to constitutional limitations, the statutory maximum is death. 18 U.S.C. § 2113(e) (1988).

not prove that the defendant took his hostages off the bank's premises. In this case, the government's proof was more than sufficient to convict under Section 2113(e).

AFFIRMED.