**Timothy JACKSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 91–8968**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 4, 1992.

Janis C. Gordon, Asst. U.S. Atty., SE Drug Task Force, Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and BIRCH, Circuit Judges.

PER CURIAM:

Timothy Jackson pled guilty to one count of armed robbery in violation of 18 U.S.C. § 2113(d), and one count of carrying and using a firearm in the commission of a felony in violation of 18 U.S.C. § 924(c). He was sentenced to seven years for the armed robbery charge and to five years without parole for the firearms charge. His time was to be served consecutively.

Jackson filed a habeas petition arguing that his trial counsel was ineffective for failing to argue that his sentence for both the armed robbery charge and the firearms charge subjected him to double jeopardy; that his counsel was also ineffective for failing to argue that the amendments to 924(c) requiring five years of additional prison time were not in effect when Jackson committed his crime; and that the sentencing judge erred in ordering that the five year non-parolable sentence be served after the seven year parolable sentence.[1]

---

1. In addition to the issues discussed in this opinion, the government raises on appeal a new

■ Jackson argues that counsel rendered ineffective assistance. In order to prevail on a claim of ineffective assistance, Jackson must show that counsel's performance fell below constitutional standards and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance in a guilty plea situation, Jackson must show that but for counsel's errors, he would not have pled guilty. *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir.1986).

■ Jackson claims that counsel erred in failing to argue that his conviction and sentence for the firearm charge and the armed robbery charge constitutes a violation of the double jeopardy clause. This court has specifically held that cumulative punishment under 18 U.S.C. § 2113 and 18 U.S.C. § 924(c) does not subject a defendant to double jeopardy. *United States v. Ricks*, 817 F.2d 692 (11th Cir.1987). *See also United States v. Bauer*, 956 F.2d 239 (11th Cir.1992) (cumulative punishment for armed bank robbery and use of firearms during commission of the crime did not violate the double jeopardy clause).[2] Jackson argues that *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) governs this case. Congress, however, in response to *Simpson*, amended 18 U.S.C. § 924(c) to specifically indicate that it intended to allow for prosecution for the underlying felony *and* the firearm charge. We find that Jackson's counsel did not err in failing to argue a frivolous double jeopardy claim and the district court's denial of this charge is affirmed.

Jackson raises an additional claim of ineffective assistance of counsel because his trial counsel failed to argue that the amendments to 924(c), which mandated a five year non-parolable sentence, did not apply to Jackson because he committed the crime before the effective date.

■ Jackson argues that the effective date of the revisions to 924(c) was November 1, 1987. The revisions to Section 924(c) were included in the Comprehensive Crime Control Act of 1984, which was enacted on October 12, 1984. Chapter II of the act contained a provision which specified that "this chapter shall take effect" on November 1, 1986. Pub.L.No. 98–473, 98 Stat. 1837, 2031 (1984). Chapter II was known as the Sentencing Reform Act of 1984 and it contained authorization for the Sentencing Guidelines which were to be submitted to Congress within 18 months of the effective date of the chapter. *Id.* The Guidelines finally became effective on November 1, 1987. The revised section 924(c), however, was part of Chapter X of the Act, the Miscellaneous Violent Crime Amendments of 1984. Pub.L.No. 98–473, 98 Stat. 1837, 2138 (1984). Chapter X did not contain an explicit date of enactment; therefore, the amendment to 924(c) took effect on the enactment date for the entire act, October 12, 1984.

Our decision on the effective date of section 924(c) is consistent with those of other circuits which have considered the issue. *See United States v. Robinson*, 865 F.2d 171, 172 (8th Cir.1989); *United States v. Holloway*, 905 F.2d 893, 895 (5th Cir. 1990); *United States v. Luskin*, 926 F.2d

---

argument that Jackson's petition constitutes an abuse of the writ. Because issues raised for the first time on appeal are generally not considered by this court, the argument will not be addressed. *See Lattimore v. Oman Construction*, 868 F.2d 437, 439 (11th Cir.1989). Similarly, Jackson raises the issue of an insufficient indictment for the first time in his reply brief. "Arguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir.1984).

**2.** Contrary to Jackson's argument, *Ricks* has not been overruled by *Grady v. Corbin*, 495 U.S. 508,

110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *Grady* deals solely with multiple successive prosecutions. The *Grady* Court specifically notes that in the context of multiple punishments in a single prosecution, " 'the Double Jeopardy clause does no more than prevent the sentencing court from prescribing a greater punishment than the legislature intended.' " *Grady*, 495 U.S. at 516–17, 110 S.Ct. at 2091 (quoting *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)). The language of section 924(c) clearly indicates a legislative intent to impose multiple punishments. *See* 18 U.S.C. § 924(c).

372, 379–80 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 68, 116 L.Ed.2d 43 (1991); *United States v. Chapman,* 954 F.2d 1352, 1363 (7th Cir.1992).

Moreover, while this court has not ruled directly on the issue of the date of enactment, it has held that the version of 924(c) which contained the five year non-parolable sentence was applicable to a firearm violation that took place prior to March 1986. *United States v. Rawlings,* 821 F.2d 1543, 1544 n. 1 (11th Cir.), *cert. denied,* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). Jackson committed his crimes in July of 1986. In light of our implicit prior ruling and other circuit courts' opinions, counsel's failure to raise a claim concerning the effective date of the provision did not constitute ineffective assistance of counsel. The district court's denial of this claim is affirmed.

■ Finally, Jackson argues that the trial court erred in ordering that the five year non-parolable sentence for count two should run consecutive to the seven year parolable sentence for count one. The sentencing order states that Jackson's sentence is "SEVEN (7) YEARS as to count one; FIVE (5) YEARS as to count two, to run consecutively to the sentence imposed in count one." In her oral sentencing, the trial judge stated that she sentenced the defendant to seven years for count one and five years for count two. She noted, "that is consecutive time and by law it is not parolable." Sentencing Tr. at 10. It is unclear from the judge's sentencing order and statements whether she meant for the seven year sentence to be served first, such that the defendant would have to serve the entire twelve years, or whether she merely intended that the sentences not be served concurrently, in which case the defendant could serve the five year sentence first and be eligible for parole after serving part of the seven year sentence.

Section 924(c) does not state which term of imprisonment should run first. The legislative history of the revisions, however, explicitly provides that "the Committee intends that the mandatory sentence under the revised subsection 924(c) be served pri- or to the start of the sentence for the underlying or any other offense." S.Rep. No. 225, 98th Cong., 2d Sess. 313 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3492.

Moreover, section 924(c) does not state that the five year sentence should run consecutive to any other sentence. Use of the word "consecutive" would have implied that the five year term should follow the sentence for the underlying offense. The legislation instead provides that

the court shall not place on probation ... any person convicted of a violation of this subsection, *nor* shall the term of imprisonment imposed under this subsection run *concurrently* with any other term of imprisonment, including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

18 U.S.C. § 924(c) (West Supp.1992) (emphasis added). The legislative history and the words of the legislation indicate that Congress intended that the five year non-parolable sentence be served first, followed by the sentence for the underlying offense. In addition, the terms should not be served concurrently. Accordingly, we reverse the district court's dismissal of this claim and remand so that the sentence can be clarified pursuant to this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.