986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon D. LOVE, Jr., Defendant-Appellant.
 No. 92-2815.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 2, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Leon Love pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a) and (d), and possession of a firearm while committing a crime of violence, 18 U.S.C. § 924(c). Finding Love to be a career offender under § 4B1.1 of the Sentencing Guidelines, the district court sentenced him to 210 months for the armed robbery and 60 months for the firearm conviction, to be served consecutively. Love now attacks his sentence.
 
 
 2
 His lead argument is that the district court ought to have departed down from the guidelines because the Sentencing Commission could not have anticipated that the mandatory five-year sentence of § 924(c) would be stacked on top of the career-offender enhancement of guideline § 4B1.2, thus creating draconian sentences. 18 U.S.C. § 3553)(b) (court may depart when there are circumstances "not adequately taken into consideration" by the Commission). Recognizing that this court will not review discretionary refusals to depart, e.g., United States v. Helton, 975 F.2d 430, 434 (7th Cir.1992), Love maintains that the district court believed that it lacked the authority to depart, a cognizable ground for appeal. United States v. Poff, 926 F.2d 588, 591 (7th Cir.1991) (en banc). In fact the district court did believe it lacked the authority to depart, and that belief was correct. Love essentially asked the district court to ignore § 924(c)'s requirement of a consecutive sentence. By refusing to ignore the law, which precluded any departure, the court acted properly. Id. at 591.
 
 
 3
 Love next contends that his sentence violated principles of double jeopardy because the armed bank robbery conviction and the handgun conviction arose from the same facts. Numerous circuits, including this one, have rejected that very argument. See Jackson v. United States, 976 F.2d 679, 681 (11th Cir.1992); United States v. Holloway, 905 F.2d 893, 895 (5th Cir.1990) (collecting cases); United States v. Harris, 832 F.2d 88, 91 (7th Cir.1987).
 
 
 4
 Finally, Love asserts that the district court's mechanical application of the guidelines deprived him of due process, and that his sentence is so disproportionate to his crime as to be cruel and unusual punishment. The due process argument is baseless. Judges are supposed to apply the guidelines mechanically, the goal being to eliminate sentencing disparity. And, as noted above, a refusal to depart from the guidelines is reviewable only when the court thought it lacked the power to do so, which is not the case here.
 
 
 5
 The second argument fares no better. "The Eighth Amendment forbids only those sentences that are grossly disproportionate to the offense committed." United States v. Jones, 950 F.2d 1309, 1317 (7th Cir.1991). Challenges to sentences within the maximums established by Congress are unlikely to succeed. Id. Love received the required sentence for his handgun conviction, and the 262-month term for armed robbery falls within the twenty-five year ceiling of § 2113(d). Thus the sentence is not unconstitutionally severe. Nor is it a problem that Love's sentence far exceeds his accomplices'; the difference is due to his being a career offender and having carried a firearm during the offense, facts that justify stricter punishment. Cf. United States v. Cea, 963 F.2d 1027, 1033 (7th Cir.1992) (where sentence is within guideline range, fact that a co-defendant received a lesser term is irrelevant).
 
 
 6
 AFFIRMED.
 
 
 
 . After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statment having been filed, the appeal has been submitted on the briefs and record.