**Lafeyette L. DANCY, Plaintiff,**

v.

**DEPARTMENT OF the ARMY, Defendant.**

**Civ. A. No. 94–0912 (JR).**

United States District Court, District of Columbia.

Sept. 1, 1995.

Lafeyette L. Dancy, Wiesbaden, Germany, for plaintiff.

Katherine Waldbauer, Special Assistant U.S. Attorney, Washington, DC, for defendant.

## MEMORANDUM ORDER

ROBERTSON, District Judge.

Plaintiff, a resident of Wiesbaden, Germany, brings this action *pro se* and *in forma pauperis*. He challenges defendant's administrative denial of claims related to the impoundment and destruction of his automobile and alleges violations of his rights to due process and equal protection. Now before the Court is defendant's motion for summary judgment [# 10].

The following facts are undisputed: Plaintiff worked in the Federal Republic of Germany ("FRG") as a civilian employee of the United States Army. The Army terminated his employment in November or December 1986. Thereafter, plaintiff worked as an independent contractor in the local economy. In April 1989, Wiesbaden authorities towed plaintiff's car from an illegal parking space near his home. The car, which still bore "USAEUR" (U.S. Army—Europe) license plates, was towed to a U.S. government holding lot. In early 1990, defendant crushed it.

On March 31, 1991, plaintiff filed an administrative claim with the Army, 91–E01–T074, seeking compensation for the destruction of his car. Thereafter, on April 10, 1992, he filed another claim, 92–E01–T067, alleging racial discrimination in the processing of his previous claim.[1] By letter dated March 31, 1993, defendant denied both claims, explaining that plaintiff had not been an employee of the United States at any of the relevant times and that under Article VIII of the North Atlantic Treaty Organization Status of Forces Agreement ("SOF Agreement"), 4 U.S.T. 1792, T.I.A.S. No. 2846, his sole recourse was to the appropriate Defense Costs Office of the German government. Plaintiff filed this action on April 25, 1994.

■ Plaintiff challenges defendant's denial of his claim for damages to his automobile, asserting that the SOF Agreement permits his action against the United States. The

---

**1.** In claim 92–E01–T067, plaintiff also alleged racial discrimination in the processing of another, unrelated claim for personal injuries, 90–E01–T204.

argument is without merit. Article 8, section 5 of the SOF provides in relevant part:

> 5. Claims ... arising out of acts or omissions of members of a force or civilian component done in the performance of official duty, or out of any other act, omission or occurrence for which a force or civilian component is legally responsible, and *causing damage in the territory of the receiving State to third parties* ... shall be dealt with by the receiving State in accordance with the following provisions:—
>
> (a) Claims shall be filed, considered and settled or adjudicated in accordance with the laws and regulations of the receiving State with respect to claims arising from the activities of its own armed forces.

4 U.S.T. 1806 (emphasis added). Defendant impounded and destroyed plaintiff's car in the territory of the FRG, the receiving State. Plaintiff was a "third party[.]" His claims must be considered, settled, or adjudicated in accordance with the law of the receiving State, which has exclusive jurisdiction over the matter. *Cf. Shafter v. United States*, 273 F.Supp. 152, 156 (S.D.N.Y.1967), *aff'd* 400 F.2d 584 (2d Cir.1968), *cert. denied*, 393 U.S. 1086, 89 S.Ct. 871, 21 L.Ed.2d 779 (1969).

Plaintiff's reliance on exceptions to this provision found in article 41, paragraph 6, of the SOF Agreement is misplaced. Article 41 provides:

> The provisions of paragraph 5 of Article VIII of the NATO Status of Forces Agreement and of this Article shall not apply to damage suffered by members of a force or of a civilian component and caused by acts or omissions of other members of the same force or the same civilian component, or by other occurrences for which such force or such civilian component is legally responsible.

14 U.S.T. 568. It is undisputed that plaintiff was employed as an independent contractor in the local economy at all times relevant to the impoundment and destruction of his car and the processing of his administrative claims. He was neither a member of a force nor a civilian component. Article 41, paragraph 6, is inapplicable.

Plaintiff next contends that defendant rendered no decision on his two administrative claims, 91–E01–T074 and 92–E01–T067. This allegation is refuted by the record. By letter dated March 31, 1993, more than a year before plaintiff filed this action, defendant denied both claims and referred plaintiff to the appropriate Defense Costs Office. The letter provided in its first paragraph: "This notice constitutes final administrative action on claim numbers 91–E01–T074 and 92–E01–T067."

■ Prior to the time plaintiff filed his complaint, the older of the administrative claims had been pending a response for more than three years. Such a lengthy delay might raise a due process issue in the appropriate case, *see United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 565, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983), but not in this one, where the SOF Agreement rendered the Department of the Army powerless to act. Summary judgment will be granted as against plaintiff's due process claim.

■ Plaintiff also asserts claims for intentional violation of his right to equal protection. Defendant is an agency of the federal government. Absent its express waiver, the Department of the Army possesses sovereign immunity from suit. *See, e.g., United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). The Federal Tort Claims Act does not waive defendant's immunity with respect to constitutional torts. *See Laswell v. Brown*, 683 F.2d 261, 267–68 (8th Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *Dorman v. Thornburgh*, 740 F.Supp. 875, 879 (D.D.C.1990), *dismissed in part and aff'd in part on other grounds*, 955 F.2d 57 (D.C.Cir.1992); *Kline v. Republic of El Salvador*, 603 F.Supp. 1313, 1317 (D.D.C.1985). Summary judgment will be granted as against plaintiff's claims for race discrimination.

**ORDERED** that defendant's motion for summary judgment [# 10] be and hereby is **granted.**