IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40730
Summary Calendar

LORAN BRUCE PIERSON

Petitioner-Appellant

v.

STEVE MORRIS, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-203

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Loran Bruce Pierson, federal prisoner # 61488-080, appeals the district court's denial of his 28 U.S.C. § 2241 petition. Pierson challenges the Bureau of Prison's authority to implement the Inmate Financial Responsibility Program (IFRP). He also seeks the appointment of counsel.

This court reviews the district court's findings of fact for clear error and issues of law de novo. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Habeas relief cannot be had absent the deprivation of some right secured to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitioner by the United States Constitution or the laws of the United States. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).

Pierson has failed to adequately brief several of the issues that he places before this court. His assertions that the IFRP denies equal access to the courts and violates constitutional and statutory due process by usurping statutory provisions of Title 18 of the United States Code are inadequately briefed and are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9). Similarly, Pierson's assertion that the BOP has no inherent authority to create the IFRP or impose penalties for nonparticipation is inadequately briefed and deemed abandoned.

Pierson's remaining arguments lack merit. Pierson's argument that procedural safeguards were not followed in his case is contradicted by evidence in the record and does not establish that a due process violation occurred. See Richardson v. Joslin, 501 F.3d 415, 418-19 (5th Cir. 2007); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (5th Cir. 1992). Also, Pierson's reliance on Washington v. Reno, 35 F.3d 1093, 1096 (6th Cir. 1994), is misplaced as this case is not relevant to Pierson's arguments regarding the IFRP. Additionally, Pierson's assertion that he should be exempt from participation in the IFRP due to his handicap, which prevents him from working, does not address the district court's determination that although a the petitioner is unable to work because of his physical disabilities, regulations authorize the Bureau to consider funds received from sources other than prison work in determining whether an inmate is able to participate in the IFRP. This determination is supported by 28 C.F.R. § 545.11(b).

Pierson argues in a conclusional fashion that increased limits on commissary spending set forth in the IFRP constitute unconstitutional ex post facto laws. Pierson's conclusional assertions do not establish that the changes to the IFRP made more burdensome the punishment that was imposed for his

crimes, and his assertions do not otherwise establish a violation of the Ex Post Facto Clause. See Collins v. Youngblood, 497 U.S. 37, 52 (1990); Proctor v. Cockrell, 283 F.3d 727, 733 (5th Cir. 2002). He has therefore failed to establish a violation of the Ex Post Facto Clause. Finally, Pierson alleges that the judgment does not match the sentencing transcript because the sentencing transcript does not indicate that the fines and penalties were due immediately. This attack on the judgment of conviction is not properly brought in this § 2241 proceeding. See Jeffers v. Chandler, 253 F.2d 827, 830 (5th Cir. 2001).

Pierson has failed to establish that he has been deprived of some right secured to him by the United States Constitution or the laws of the United States. See Orellana, 65 F.3d at 31. The judgment of the district court is therefore AFFIRMED. This is not a case in which the interests of justice warrant the appointment of counsel. See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985). Pierson's motion for appointment of counsel is therefore DENIED.