**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided May 18, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3680

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 92-CR-16 |
| LEON LOVE, *Defendant-Appellant.* | Rudolph T. Randa, *Chief Judge.* |

**O R D E R**

Leon Love pleaded guilty in 1992 to armed bank robbery and possession of a firearm while committing a crime of violence. He was sentenced to a total of 270 months' imprisonment and ordered to pay $4,727.55 in restitution. The written judgment directs that the restitution be paid in installments "as directed by the probation department."

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

Love appealed, but did not challenge the restitution order, and we affirmed the judgment. *United States v. Love*, 1993 WL 53182 (7th Cir. 1993). For the first sixteen years that he was incarcerated, Love made regular restitution payments through the Inmate Financial Responsibility Program, but when the Bureau of Prisons changed his regular payment amount, he petitioned for a writ of mandamus to halt further collections. Love argued that the judgment did not give the BOP power to set a payment schedule; only the court itself could do so. The government believed Love was correct and told the court that it had removed him from the IFRP. The government then argued that the mandamus petition was moot, and the district court agreed. At the government's suggestion, the court nevertheless ordered Love to "make immediate restitution" and participate in the IFRP. Love appeals.

The government has reversed course and now concedes that the district court lacked subject-matter jurisdiction to order immediate payment of restitution. A restitution order is part of a defendant's sentence; it can be challenged on direct appeal, but not later. See *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007); *Barnickel v. United States*, 113 F.3d 704, 705-06 (7th Cir. 1997). Accordingly, the district court lacked jurisdiction to amend the judgment by ordering immediate payment of restitution.

Love agrees that the district court lacked jurisdiction to order immediate payment, but he does not want to resume participating in the IFRP on the BOP's terms. As he did in the district court, Love asserts that the prison cannot "force" him to make payments through the IFRP without a court order. The government and the district court seem to agree: the court required Love to participate, and the government argues that we should leave that part of the district court's order intact. But the district court, the government, and Love all misunderstand the IFRP, which is a voluntary program. See 28 C.F.R. § 545.10-11. "An inmate is free to decline to participate in the IFRP." *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008). Inmates are denied privileges if they refuse to make the necessary payments, 28 C.F.R. § 545.11(d), but that does not mean that they are "forced" to participate. See *Lemoine*, 546 F.3d at 1046; *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999); *Dorman v. Thornburgh*, 955 F.2d 57, 58-59 (D.C. Cir. 1992); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990). If Love dislikes the payment schedule set by the BOP, he may choose not to comply and face the consequences, but the district court cannot compel participation. Finally, we note that the district court's effort to compel Love's participation was aimed at a problem that did not need solving: there is no error in judicial silence as to restitution payments during incarceration. See *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008).

Accordingly, we VACATE the order of the district court and REMAND with instructions to deny Love's petition for a writ of mandamus.