[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10107
Non-Argument Calendar
_____

D.C. Docket No. 2:02-cr-00191-LSC-RRA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARON DIMITRIC PLAYER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 17, 2012)

Before TJOFLAT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

On January 23, 2003, Laron Dimitric Player, having pled guilty to all three counts of an indictment, was sentenced to concurrent prison terms of 92 months on Counts 1 and 2—which charged him with conspiracy, in violation of 21 U.S.C. § 846 to possess with intent to distribute crack cocaine and maijuana, in violation of 21 U.S.C. § 841(a), and the substantive § 841(a) offense—and to a consecutive prison term of 60 months for possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).  In November 2011, Player moved the District Court to reduce his sentences on Counts 1 and 2 pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.  Amendment 750, made retroactively applicable effective November 1, 2011, by Amendment 759, made permanent the temporary emergency Amendment 748, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010.  *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759.  As a result of these amendments, § 2D1.1(c) now assigns a base offense level of 20 in cases involving at least 11.2 grams but less than 16.8 grams of crack cocaine. U.S.S.G. § 2D1.1(c)(10) (2011).  This represented a decrease of six levels from the offense levels the District Court used in calculating the sentence range for Player sentences on Counts 1 and 2.

2

The District Court denied Player's motion in December 2011. The court concluded that the concurrent sentences on Counts 1 and 2 had already expired; thus, he was serving the consecutive Count 3 sentence. The court also concluded that he was not eligible for a sentence reduction because U.S.S.G. § 1B1.10, cmt. 3 provided that the term of imprisonment could not be reduced below the time served.[1] Given these conclusions, the court did not determine whether, in the exercise of its discretion, it should grant Player § 3582(c)(2) relief.

Player, appealing *pro se*, now appeals, arguing that the District Court improperly concluded that his crack cocaine sentences had already expired and that resentencing him within the new Guidelines sentence range would not have resulted in a sentence lower than the time he had already served. The Government concedes that the district court erred by denying Player's motion on the basis that he had already finished serving his crack cocaine sentences, and that its judgment denying Player's motion should be vacated and the case remanded for consideration of the merits of Player's § 3582(c)(2) motion.

Section 924 of Title 18 in the U.S. Code provides that a person convicted of using, carrying, or possessing a firearm in furtherance of a crime of violence or a

---

[1] The court nonetheless did find that after applying Amendment 750 and the three-level reduction of Player's offense level for acceptance of responsibility, Player's new offense level would be 17 and his Guidelines sentence range would be 60 to 63 months' imprisonment.

3

drug trafficking crime must be sentenced to a mandatory minimum of five years, or 60 months, of imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). That statute also states that "no term of imprisonment imposed on a person under this subsection [§ 924(c)] shall run concurrently with any other term of imprisonment imposed . . . including any term of imprisonment imposed for the . . . drug trafficking crime during which the firearm was . . . possessed." 18U.S.C. § 924(c)(1)(D)(ii). The statute does not specify in what order the various sentences should run, but the legislative history to the addition of § 924(c)(1)(D) provides that "the Committee intends that the mandatory sentence under the revised subsection 924(c) be served *prior to the start of* the sentence for the underlying or any other offense." S.Rep. No. 225, at 313-14 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3492 (emphasis added). Moreover, in *Jackson v. United States*, 976 F.2d 679 (11th Cir. 1992), we held, in a habeas context, that a mandatory consecutive sentence for possession of a firearm during a drug trafficking crime under § 924(c) must be served *before* any other sentence for the underlying offense. *Id.* at 682. The defendant in *Jackson* was convicted of armed robbery and using a firearm pursuant to § 924(c), and because the armed robbery sentence was parolable, the order in which the sentences were served could affect the total amount of time ultimately served. *See id.* We noted that, although the

4

statute did not specify which sentence should run first, the legislative history discussed above indicated that the § 924(c) sentence should be served before any other sentence. *Id.* (citing S.Rep. No. 225, at 313 (1984)).

The District Court abused its discretion by denying Player's § 3582(c)(2) motion on the basis that he had already completed his sentences on Counts 1 and 2, because *Jackson*'s reasoning remains valid in this circuit. Under *Jackson*, Player has served his Count 2 sentence. Therefore, when he filed his § 3582(c)(2) motion in November 2011, he had served approximately three years of the concurrent sentences on Counts 1 and 2. Given this circumstance, we must vacate the District Court's judgment and remand the case so that the District Court may determine whether a discretionary reduction of the sentences on Counts 1 and 2 pursuant to § 3582(c)(2) would be appropriate.

VACATED and REMANDED.