NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 20, 2012[*]
Decided August 20, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3407

| | |
|---|---|
| KEVIN DEWAYNE MOORE, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-cv-049-DRH |
| | |
| LISA J. HOLLINGSWORTH, | David R. Herndon, |
| *Respondent-Appellee.* | *Chief Judge.* |

## O R D E R

Kevin Moore, a federal inmate incarcerated at the United States Penitentiary in Marion, Illinois, appeals the dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2241, and the denial of his motion to alter or amend the judgment, FED. R. CIV. P. 59(e). We affirm.

---

[*] The respondent was not served in the district court and is not participating in this appeal. Therefore the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Moore was convicted in 2008 of transporting and possessing child pornography, 18 U.S.C. § 2252(a)(1), (4)(B), and sentenced to 360 months' imprisonment. The district court ordered Moore to pay "immediately" a special assessment of $200. Moore's conviction and sentence were affirmed on direct appeal, *United States v. Moore*, Nos. 08-10645, 08-10198, 370 F. App'x 559 (5th Cir. 2010), and his motion for relief under 28 U.S.C. § 2255 was denied as premature, *Moore v. United States*, No. 3-08-cv-1126-O (N.D. Tex. Sept. 22, 2008).

After exhausting his administrative remedies, Moore petitioned under § 2241 for a writ of habeas corpus, challenging two prison policies at USP–Marion: the prison's refusal to keep a record or log of his outgoing legal, media, or special mail; and the prison's threats to "sanction" him if he withdrew from the voluntary Inmate Financial Responsibility Program (IFRP), through which the prison deducted payments from his inmate deposit account to satisfy the special assessment. The district court denied Moore's petition, concluding first that his complaints about the prison's mailroom practices constituted a challenge to his conditions of confinement and therefore needed to be brought in a civil-rights action under 42 U.S.C. § 1983, not a § 2241 petition. A § 2241 petition, the court added, was the proper vehicle for Moore's claim about the IFRP because the claim concerned the execution of his sentence, but the claim would fail because withdrawal from the program resulted only in lost privileges—not sanctions—and therefore would not affect the execution of Moore's sentence.

Moore moved under Rule 59(e) to alter or amend the judgment on fairness grounds. He asserted that the district court wrongly ignored the prison's untimeliness in responding to some of his administrative grievances. The court denied the motion, concluding that Moore showed no mistake of law or fact or newly discovered evidence that would entitle him to an amended judgment.

On appeal, Moore disputes the district court's characterization of his mailroom grievance as a challenge to his conditions of confinement and seeks to recast his claim as a challenge to the execution of his sentence cognizable under § 2241. But an inmate's complaint about mail privileges directly concerns conditions of confinement. *See Witzke v. Femal*, 376 F.3d 744, 751 (7th Cir. 2004) (quoting *Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999) ("[The term 'conditions of confinement'] quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment. These include . . . mail privileges . . . .")); *Khaimov v. Crist*, 297 F.3d 783, 785–86 (8th Cir. 2002) (state prisoner's complaints regarding prison mail not cognizable in federal habeas corpus action because prisoner did not allege that mishandling of mail "illegally extended his period of confinement"). The prison's mailroom practices at USP–Marion do not have even an "indirect" effect on the duration of Moore's punishment, so a habeas-corpus petition may

not be used to challenge those practices. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011). Because Moore seeks only equitable relief on his mailroom challenge, he may refile that claim as a civil-rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 841–43. (Contrary to the district court's instruction, 42 U.S.C. § 1983 is not an appropriate vehicle for his claim because he seeks relief from federal, not state, actors.) But he has already accrued three "strikes" under 28 U.S.C. § 1915(g), so he may not sue in forma pauperis unless he can show that he is "under imminent danger of serious physical injury." *Id.* § 1915(g).

Next Moore argues that the district court erred by ignoring the due process violations he would suffer as a result of repercussions he would face if he withdrew from the IFRP. But the loss of privileges that an inmate suffers upon withdrawing from the IFRP—including participating in a prison job training program, furloughs, and outside work details, and having higher commissary spending limits, access to higher-status housing, and access to community-based programs, 28 C.F.R. § 545.11(d)—does not deprive an inmate of due process because the loss of those privileges does not lengthen an inmate's confinement or aggravate unusually harsh conditions of confinement. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 484–85 (1995); *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008); *Weinberger v. United States*, 268 F.3d 346, 361 n.6 (6th Cir. 2001); *Dorman v. Thornburgh*, 955 F.2d 57, 58–59 (D.C. Cir. 1992).

Finally, Moore argues that the district court erred in denying his motion to alter or amend the judgment because it was fundamentally unfair of the court to overlook the prison administrators' untimely responses to his grievances. But "the primary purpose of a grievance is to alert prison officials to a problem," *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citation omitted), and here the court properly treated Moore's grievances as fully exhausted and reached the merits of his IFRP claim. Moore was not entitled to prevail on the merits of the claim just because he exhausted his administrative remedies.

**AFFIRMED**.