[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12437
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00543-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM BRISCOE,
a.k.a. Skip,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 14, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

William Briscoe appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. The district court concluded that it was without authority to reduce Briscoe's § 3582(c)(2) motion. After review, we vacate the district court's order and remand so that the district court may determine whether a discretionary reduction of Briscoe's sentence on Count One would be appropriate.

## I.  BACKGROUND FACTS

### A.    Conviction and Original Total Sentence

In 2010, Briscoe pled guilty to: (1) one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846 ("Count One"); and (2) one count of possessing a firearm during, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2 ("Count Two").

At sentencing, the district court calculated Briscoe's offense level of 34 for Count One, pursuant to U.S.S.G. § 2D1.1(c)(3) (2009), because Briscoe's drug offense involved between 22 and 29 kilograms of cocaine. Briscoe's total offense level initially was 31, and his criminal history category was IV, which yielded an advisory guidelines range of 151 to 188 months' imprisonment on Count One. However, the district court granted the government's motion for a downward departure based on Briscoe's substantial assistance and departed by five offense

levels, bringing Briscoe's total offense level to 26.  The district court determined that Briscoe's resulting advisory guidelines range was 92 to 115 months' imprisonment on Count One.

The district court imposed a 92-month sentence on Count One and the mandatory 60-month consecutive sentence, required by 18 U.S.C. § 924(c)(1)(A)(i), on Count Two, for a total sentence of 152 months.  The district court credited Briscoe for "[j]ust under nine months," which Briscoe had already served, to be calculated by the Bureau of Prisons ("BOP").

**B.     Substantial Assistance Reduction and Amended Judgment**

In January 2014, the government filed a motion to further reduce Briscoe's sentence on Count One for his continued substantial assistance, pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and Rule 35(b).  According to the Rule 35(b) motion, Briscoe testified at his codefendant's state murder trial, after which the codefendant was convicted and sentenced to life in prison.

At a March 2014 hearing, the district court, in an oral order, granted the government's motion and issued an amended judgment.  The amended judgment stated that Briscoe was committed to the BOP's custody to serve "a total term of **SIXTY (60) MONTHS** as to counts one and two of the Indictment" consisting of "a term of **TIME SERVED** as to count one and a term of **SIXTY (60) MONTHS** as to count two to run **CONSECUTIVE** to count one."

3

**C.    Section 3582(c)(2) Motion for Sentence Reduction**

In March 2015, Briscoe filed a pro se § 3582(c)(2) motion to reduce his sentence on Count One based on Amendment 782 to the Sentencing Guidelines. After the Federal Defender was appointed to represent him, Briscoe filed a second, counseled § 3582(c)(2) motion based on Amendment 782 on February 10, 2016. Briscoe contended that his "time served" sentence on Count One was actually a 1,612-day sentence, of which he had not yet served any portion because the law required him to serve first his § 924(c) sentence on Count Two.  Briscoe attached a BOP sentence computation indicating that: (1) Briscoe had served 1,612 days when the district court amended his sentence for Count One to "time served"; (2) he faced a total term of 60 months plus 1,612 days, or 9 years and approximately 5 months; and (3) his full term of imprisonment (excluding any good time credits) would expire on March 27, 2019.

The district court denied Briscoe's § 3582(c)(2) motion.  The district court concluded that Briscoe was "ineligible for Amendment 782 relief" because the district court had reduced his cocaine-conspiracy-offense sentence for Count One to time served, and Briscoe was then only serving the firearm-offense sentence for Count Two.  Thus, the district court concluded that it had no authority to further reduce Briscoe's sentence based on U.S.S.G. § 1B1.10(b)(2)(C)'s prohibition on

4

reducing a term of imprisonment to less than the term the defendant had already served.

## II.  DISCUSSION

### A.    General Principles

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Amendment 782 provides a 2-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  See U.S.S.G. App. C, amend. 782.  Amendment 782 applies retroactively.  See U.S.S.G. § 1B1.10(d). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."  U.S.S.G. § 1B1.10(b)(2)(C).[1]

Under 18 U.S.C. § 924(c), a person convicted of using, carrying, or possessing a firearm in furtherance of a crime of violence or a drug trafficking crime must be sentenced to a mandatory minimum of five years, or 60 months, of imprisonment.  18 U.S.C. § 924(c)(1)(A)(i).  That statute also states that "no term of imprisonment imposed on a person under this subsection [§ 924(c)] shall run concurrently with any other term of imprisonment imposed . . . including any term

---

[1]We review de novo a district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2).  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).

of imprisonment imposed for the . . . drug trafficking crime during which the firearm was . . . possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

While § 924(c) does not specify in what order the various sentences should run, the legislative history to the addition of § 924(c)(1)(D) provides that "the Committee intends that the mandatory sentence under the revised subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense." S. Rep. No. 98-225, at 313–14 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3492 (emphasis added).

This Court has concluded in both the direct appeal context and the habeas context that a mandatory consecutive sentence under § 924(c) must be served before any other sentence for the companion crime of violence or drug trafficking offense. See Jackson v. United States, 976 F.2d 679, 682 (11th Cir. 1992) ("The legislative history and the words of the legislation indicate that Congress intended that the five year non-parolable sentence [for a § 924(c) conviction] be served first, followed by the sentence for the underlying offense," which was parolable); United States v. Brundidge, 170 F.3d 1350, 1354 & n.6(11th Cir. 1999) (concluding based on Jackson that the district court erred "in sentencing Brundidge to serve his five-year sentence for violating Section 924(c) after the sentence for Counts I and II" but determining that the error was harmless because, unlike the defendant in

6

Jackson, Brundidge did not show how his non-parolable sentence for Counts I and II could be shortened).

## B. Briscoe's Claim

As a preliminary matter, it is undisputed that, after Amendment 782, Briscoe's base offense level of 34 for his cocaine conspiracy offense in Count One would be lowered to 32 and, consequently, his advisory guidelines range would be reduced from 151 to 188 months' imprisonment to 121 to 151 months' imprisonment. See U.S.S.G. § 2D1.1(c)(4). Therefore, Amendment 782 does lower Briscoe's advisory guidelines range on the cocaine conspiracy offense in Count One. The question then is whether the district court was correct that Briscoe's sentence on Count One could not be reduced because it was "already served" within the meaning of U.S.S.G. § 1B1.10(b)(2)(C).

We conclude that the district court was not correct and that Briscoe was eligible for a § 3582(c)(2) sentence reduction on Count One. Under this Court's precedent, Briscoe had to serve his mandatory 60-month § 924(c) sentence on Count Two before serving his cocaine conspiracy sentence on Count One. See Jackson, 976 F.2d at 682; Brundidge, 170 F.3d at 1354. Briscoe was sentenced in July 2010, and was given approximately 9 months credit for pretrial detention. Thus, when Briscoe filed his pro se § 3582(c)(2) motion on March 23, 2015, he

7

had not "already served," and possibly may not have even begun to serve, his Count One sentence.

Moreover, in light of this Court's precedent, we construe the district court's March 2014 amended judgment—reducing Briscoe's 92-month sentence on Count One to "time served"—to mean that Briscoe's Count One sentence was reduced to an amount of time equal to the time Briscoe had already served, pursuant to the original judgment, on Count Two, that is, to 1,612 days (or roughly 54 months). In other words, Briscoe is presently serving the time remaining on his Count One sentence of 1,612 days.

For these reason, U.S.S.G. § 1B1.10(b)(2)(C) did not prohibit the district court from granting Briscoe's § 3582(c)(2) motion. Accordingly, we vacate the district court's order denying Briscoe's § 3582(c)(2) motion and remand for the district court to consider whether, and to what extent, to reduce Briscoe's sentence on Count One. Because Briscoe received a substantial assistance reduction from his original 92-month sentence on Count One, on remand, the district court should consider whether a comparable reduction to the amended advisory guidelines range is appropriate, but we express no view on the matter. See United States v. Liberse, 688 F.3d 1198, 1199-1200, 1203 (11th Cir. 2012); U.S.S.G. § 1B1.10(b)(2)(B). We further note that because the BOP indicates that Briscoe is currently scheduled

8

for release on July 18, 2018, the district court should expedite its handling of Briscoe's § 3582(c)(2) motion.

**VACATED and REMANDED.**